IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL S. OWL FEATHER-GORBEY, | : | Civil No. 3:20-cv-867 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| FEDERAL BUREAU OF PRISONS, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff, Michael S. Owl Feather-Gorbey ("Gorbey"), a federal inmate incarcerated at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"), commenced this *Bivens*[1], 28 U.S.C. § 1331, action in the United States District Court for the District of Columbia. (Doc. 1). On May 27, 2020, the action was transferred to the United States District Court for the Middle District of Pennsylvania. (Doc. 5). Gorbey has submitted an application (Doc. 15) to proceed *in forma pauperis*. Gorbey is a prolific filer who is subject to the three-strikes provision set forth in 28 U.S.C. § 1915(g). Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed his complaint. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310-11 (3d Cir.

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

2001) (en banc). In support of his allegations of imminent danger, Gorbey filed a motion (Doc. 19) to present new facts, along with a supporting brief (Doc. 20), and a statement of facts (Doc. 21). The Court will grant Gorbey's motion (Doc. 19) to present new facts and consider the newly asserted claims of imminent danger (Doc. 21).

After review of the complaint and statement of facts, the Court finds that Gorbey has not sufficiently alleged or shown that he is in imminent danger of serious bodily harm. Accordingly, the application to proceed *in forma pauperis* will be denied, and this action will be stayed pending receipt of the full filing fee.

## I.  Allegations of the Complaint and Allegations of Imminent Danger

In the complaint, Gorbey alleges that the Bureau of Prisons' ("BOP") inmate discipline process and administrative remedy program are unconstitutional, that Defendants interfered with his access to the courts, "den[ied] him the right to self[-]defense", that he is subjected to "subhuman conditions" at USP-Lewisburg, and that the BOP drug tests are unconstitutional. (Doc. 1, pp. 1-20). Gorbey also alleges that he did not receive proper medical treatment for his glaucoma, he is assigned to a top bunk despite suffering from chronic injuries, he is housed in a small cell without a duress button, and he is exposed to lead paint and excessive lighting. (*Id.* at pp. 18-19).

In his statement of facts, Gorbey asserts that he is in imminent danger of serious physical injury because BOP officials abused the inmate discipline process and failed to protect him from assault, and thwarted his efforts to exhaust his administrative remedies.

2

(Doc. 21). Gorbey further asserts that BOP staff improperly denied his administrative remedy wherein he alleged that staff members attempted to murder him by exposing him to COVID-19. (*Id.* at p. 4).

For relief, Gorbey seeks "$9,500,00.00 cash", revision of the BOP inmate discipline process, the administrative remedy program, and the inmate legal mail procedures, he requests that the BOP "keep [him] safe" and allow him to defend himself, that all staff follow BOP policy and procedure, and he seeks restoration of his good time credits. (Doc. 1, pp. 21-22).

## II. Discussion

Pursuant to 28 U.S.C. § 1915(g), a prisoner, who on three or more prior occasions while incarcerated, has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar*, 239 F.3d at 310-11. Gorbey has had more than three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim. *See Gorbey v. The Federal Bureau of Alcohol, et al.*, Civil No. 5:11-cv-126 (N.D. W. Va. March 14, 2012) at (Doc. 26) (noting that Gorbey has filed eleven cases that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted); *Gorbey v. Federal Bureau of Prisons, et al.*, Civil No. 5:10-cv-309 (M.D. Fla. 2010) at (Doc. 4) (imposing three strikes bar and citing previous strikes incurred by Gorbey);

3

*Gorbey v. District of Columbia, et al.*, Civil No. 2:09-cv-151 (S.D. Ind. 2009) at (Doc. 2) (noting that Gorbey is barred from proceeding *in forma pauperis* due to his three strike status under 28 U.S.C. § 1915(g)). Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed the instant matter.

Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants, although the Court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible." *Gibbs v. Cross*, 160 F.3d 962, 966-67 (3d Cir. 1998) (quotations omitted). A prisoner need not allege an "existing serious physical injury" to qualify for the exception to the "three strikes" provision. *Id.* at 967. "It is sufficient that the condition [alleged] poses an imminent danger of serious physical injury." *Id.*; *see also Abdul-Akbar*, 239 F.3d at 315. Imminent danger must exist "contemporaneously with the bringing of the action. Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" *Abdul-Akbar*, 239 F.3d at 313.

In the present matter, Gorbey's claims of imminent danger fail. He asserts that he is in imminent danger of serious physical injury because he did not receive proper medical treatment for his glaucoma, he is assigned to a top bunk despite suffering from chronic injuries, he is housed in a small cell without a duress button, and he is exposed to lead paint and excessive lighting. (Doc. 1, pp. 18-19). He also generally asserts that his placement in

BOP custody is a threat to his safety, that BOP officials abused the inmate discipline process, failed to protect him from assault, and thwarted his efforts to exhaust his administrative remedies. (Doc. 1, p. 18, Doc. 21). The Court finds that these allegations simply do not rise to the level of a serious physical injury, or threat of serious physical injury. 28 U.S.C. § 1915(g). Gorbey's claim that his mere placement in a high security facility may subject him to physical injury is vague and too speculative to be considered imminent. *See Ball v. Famiglio*, 726 F.3d 448, 468 (3d Cir. 2013), *abrogated on other grounds by, Coleman v. Tollefson*, 135 S.Ct. 1759, 1763 (2015), ("[C]ourts . . . deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous.") (citation omitted). An inmate claiming that he is in imminent danger of serious physical harm must "make specific [and] credible allegations to that effect." *Ball*, 726 F.3d at 470 (citation omitted).

Upon review of the filings in the instant action, the Court determines that Gorbey was not under imminent danger of serious physical injury when he signed and filed his complaint. Gorbey has failed to meet the imminent danger exception to 28 U.S.C. § 1915(g)'s three strikes rule, and thus failed to make the requisite showing to allow him to proceed *in forma pauperis*. *See Brown v. City of Philadelphia*, 331 F. App'x 898 (3d Cir. 2009) (finding that the inmate demonstrated a pattern of abusing judicial process by repeatedly filing frivolous actions, and affirming the district court's order dismissing the complaint pursuant to § 1915(g)). If Gorbey wishes to pursue the claims in this action, he

must pay the filing fee in full. Failure to pay the full fee will result in dismissal of the complaint.

### III. Conclusion

The Court will deny Gorbey's application (Doc. 15) to proceed *in forma pauperis* and direct him to submit the requisite filing fee. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: October 15, 2020